1  Clark S. Stone (SBN 202123) cstone@macpherson-kwok.com
   Steven M. Levitan (SBN 148716) slevitan@macpherson-kwok.com
2  Inchan A. Kwon (SBN 247614) ikwon@macpherson-kwok.com
   MACPHERSON KWOK CHEN & HEID LLP
3  2033 Gateway Place, Suite 400
   San Jose, CA 95110
4  Telephone: (408) 392-9250
   Facsimile: (408) 392-9262
5

6  Alan L. Barry (*pro hac vice*) abarry@bellboyd.com
   Michael J. Abernathy (*pro hac vice*) mabernathy@bellboyd.com
7  Sanjay K. Murthy (SBN 212097) smurthy@bellboyd.com
   Brian J. Arnold (*pro hac vice*) barnold@bellboyd.com
8  BELL, BOYD & LLOYD LLP
   70 West Madison Street, Suite 3100
9  Chicago, Illinois 60602
   Telephone: (312) 372-1121
10 Facsimile: (312) 827-8000

11
   Attorneys for Defendants
12 NEURALSTEM, INC., KARL K. JOHE, and
   I. RICHARD GARR
13

14
                    UNITED STATES DISTRICT COURT
15
                   NORTHERN DISTRICT OF CALIFORNIA
16
                            OAKLAND DIVISION
17

18
   STEMCELLS, INC., a Delaware corporation, and       **Case No. C 08-02364 CW**
19 STEMCELLS CALIFORNIA, INC., a California
   corporation,
20                                                    **NOTICE OF MOTION; MOTION AND**
                                                      **MEMORANDUM OF POINTS AND**
21         Plaintiffs,                                **AUTHORITIES IN SUPPORT OF**
                                                      **DEFENDANTS' MOTION TO EXTEND**
22         v.                                         **TIME TO ANSWER OR OTHERWISE**
                                                      **RESPOND TO THE AMENDED**
23 NEURALSTEM, INC., a                                **COMPLAINT**
   Delaware corporation, KARL K. JOHE, an
24 individual, and I. RICHARD GARR, an                Judge:     Hon. Claudia Wilken
   individual,                                        Date:      August 26, 2008
25                                                    Time:      2:00 p.m.
           Defendants.                                Courtroom: Courtroom 2, 4th Floor
26

27

28

DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR
OTHERWISE RESPOND TO THE AMENDED COMPLAINT
CASE NO. C 08-02364 (CW)

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 6(b), Defendants Neuralstem, Inc., Karl K. Johe, and I. Richard Garr (collectively "Defendants") respectfully request that this Court extend the time to answer or otherwise respond to StemCells, Inc. and StemCells California, Inc.'s (collectively "StemCells" or "Plaintiffs") Amended Complaint until the lesser of: (1) ten 10 days after the District of Maryland's ruling on StemCells' potential Motion to Transfer or (2) sixty (60) days.[1]

## I.  STATEMENT OF FACTS

On May 7, 2008, Neuralstem filed a declaratory judgment action in the District of Maryland (the "Maryland Action"), seeking a declaration that U.S. Patent 7,361,505 ("the '505 patent') is invalid, not infringed and unenforceable.[2] On May 13, 2008, defendant Neuralstem filed a First Amended Complaint, adding invalidity and non-infringement claims against U.S. Patent 7,115,418 ("the '418 patent') and seeking a declaration that statements made regarding the reexamination of certain StemCells patents do not constitute "trade libel" or "unfair competition." Because the Maryland Action pre-dates the instant matter and the two actions are substantially identical, Defendants filed a Motion to Stay, Dismiss or Transfer in this Court on May 30, 2008. (Dkt. No. 19, Defendants' Motion to Dismiss, Transfer or Stay). For reasons stated therein, Defendants believe the District of Maryland—*i.e.* the first filed court—is the proper forum.

On July 1, 2008, this Court held "the first-to-file rule is applicable" and "defer[red] to the District of Maryland to decide the appropriate forum and whether an exception to the first-to-file rule is applicable." (Dkt. No. 37, Order at 8). It further instructed that if StemCells wished to have its complaint heard in this Court it should file a motion to transfer the Maryland Action no

---

[1]  All Exhibits are attached to the Declaration of Sanjay K. Murthy In Support of Defendants' Motion to Extend Time to Answer or Otherwise Respond to the Amended Complaint.

[2]  The "Neuralstem Maryland Action" is Civil Action No. 08-cv-1173.

later than July 15, 2008. (*Id.*). Finally, this Court denied Defendants' motion to dismiss, transfer or stay this action and stated that the case management conference scheduled for August 26, 2008 will go forward, "unless by that date the case has been transferred to Maryland or stayed." (*Id.*).

As of today, StemCells has not filed a Motion to Transfer in the Maryland Action. Nevertheless, recent correspondence from StemCells' counsel indicates that it intends to file a motion transfer on July 15, 2008, the very last day of this Court's deadline. (Ex. A). StemCells' decision to wait until July 15, 2008 to file its motion virtually guarantees that the Maryland Court will not have sufficient time to rule on the forum issue before the Case Management Conference scheduled for August 26, 2008.

On July 2, 2008, counsel for Defendants requested a limited extension of time to file an answer or otherwise respond to StemCells' First Amended Complaint. (Ex. B). On July 7, 2008, counsel for StemCells rejected this request. (Ex. C). Specifically, counsel for StemCells claimed that an extension of time was inconsistent with this Court's July 1, 2008 Order. (Ex. C).

## II. LAW AND ARGUMENT

"A district court has inherent power to control the disposition of the causes on its docket in a manner which will promote economy of time and effort, for itself, for counsel, and for litigants." *See, e.g.*, *Filtrol Corp. v. Kelleher*, 467 F.2d 242 (9th Cir. 1973). Under Federal Rule of Civil Procedure 6(b)(1), "[w]hen an act may or must be done within a specified time, the court may for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires."

Defendants respectfully request this Court extend the time to answer or otherwise respond to StemCells' First Amended Complaint until after the District of Maryland decides the appropriate forum and whether an exception to the first-to-file rule is applicable. Proceeding with the pleadings in this case before that time would undermine the purpose of the first-to-file rule and

would result in costly duplicative litigation that Defendants believe this Court intended to avoid.

In *Texas Instruments, Inc. v. Micron Semiconductors, Inc.*, for example, the court rejected the plaintiff's argument that a second-filed court can proceed, in its discretion, as long as it does not interfere with the first-filed court's jurisdiction. 815 F. Supp. 994, 999 (E.D. Tex. 1993) ("federal district courts are courts of coordinate jurisdiction and equal rank, and must exercise care to avoid interference with each other's affairs and duplicative litigation"). The court explained, "[a]ny other conclusion would undermine the considerations of comity that courts of concurrent jurisdiction must observe." *Id.* Similarly, in *Custom Energy, LLC v. Liebert Corp.*, the court granted the defendants an extension of time to file responsive pleadings until ten days after the first-filed court determined the appropriate forum. 1998 U.S. Dist. LEXIS 8319, at *5 (D. Kan. June 1, 1998) ("the Court will grant an extension until ten days after the Ohio court issues an order determining the appropriate forum").

Based on the language of the Order, Defendants do not believe this Court intended to have the parties address substantive issues before the District of Maryland decides the appropriate forum and whether an exception to the first-to-file rule is applicable. (*See* Order at 8). Having this case proceed along with the Maryland case simultaneously would unduly increase the Defendants' litigation costs by forcing them to litigate the same issues in two forums and waste already scarce judicial resources by burdening this Court with substantive motions—and additional briefing—before the Maryland court has ruled. These are precisely the sort of inefficiencies that applying the first-to-file rule is designed to prevent.

As this Court has recognized, a motion under the first-to-file rule is not considered within the ambit of the defenses enumerated in Rule 12(b). *Fujitsu Ltd v. Nanya Tech. Corp.*, 2007 WL 484789, at *3 (N.D. Cal. Feb. 9, 2007) (noting "motions under the first-to-file rule are generally considered to be outside of the ambit of the Rule 12(b) motions that suffice as responsive

pleadings"). Accordingly, Defendants have the right to file a substantive motion to dismiss under Rule 12(b) concurrent with any responsive pleading.

As Defendants previously pointed out, the Amended Complaint fails to meet Rule 8(a)'s pleading requirements, thus warranting at least a motion to dismiss for failure to state a claim upon which relief can be granted.[3] (Dkt. No 19, Motion to Dismiss, Transfer or Stay at 1 n.1). Plaintiffs, moreover, have plead no facts sufficient to support the exercise of personal jurisdiction over the two non-resident defendants (Mr. Garr and Dr. Johe) both of whom are Neuralstem officers. (*See* Amended Complaint, at ¶¶ 3-9, Dkt. No. 19 at 6, lines 6-7). Plaintiffs' related unfair competition and trade libel claims likewise suffer from similar deficiencies. Absent an extension of time, Neuralstem, StemCells, and this Court will be forced to expend considerable resources addressing these threshold issues, all of which would be moot if the Maryland court denies StemCells' to-be-filed motion to transfer.

Defendants do not seek this extension to delay the resolution of this matter, they only desire to avoid litigating the same issues in two different courts simultaneously until the proper forum is decided. Indeed, Defendants filed a declaratory judgment action in Maryland ***before*** this case to have these issues resolved. Under these circumstances, a limited extension of time to respond to the Amended Complaint until the forum issue is resolved would conserve judicial resources and ensure that Defendants do not have to answer repetitive allegations on a piecemeal basis.

**CONCLUSION**

For reasons state above, Defendants' respectfully request this Court grant their Motion to Extend Time to Answer or Otherwise Respond to StemCells' Amended Complaint until the lesser of ten (10) days after the Maryland court determines the appropriate forum as called for by this

---

[3] Plaintiffs effectively conceded that their Amended Complaint is deficient by belatedly identifying new facts that they claim support their infringement allegations in their Opposition to Defendants' Motion to Dismiss, Transfer or Stay. (Dkt No. 33, Opposition to Defendants' Motion to Dismiss, Transfer or Stay at 5 n.3).

DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO AMENDED COMPLAINT    4
CASE NO. C 08-02364 (CW)

Court's Order of July 1, 2008 or sixty (60) days.

Dated: July 14, 2008                                    Respectfully submitted,

BELL, BOYD & LLOYD LLP

By: /s/ Sanjay K. Murthy
Alan L. Barry (*pro hac vice*)
abarry@bellboyd.com
Michael J. Abernathy (*pro hac vice*)
mabernathy@bellboyd.com
Sanjay K. Murthy (SBN 212097)
smurthy@bellboyd.com
Brian J. Arnold (*pro hac vice*)
barnold@bellboyd.com
70 West Madison, Suite 3100
Chicago, Illinois 60602-4207
(312) 372-1121
(312) 827-8000

Clark S. Stone (SBN 202123)
cstone@macpherson-kwok.com
Steven M. Levitan (SBN 148716)
slevitan@macpherson-kwok.com
Inchan A. Kwon (SBN 247614)
ikwon@macpherson-kwok.com
MACPHERSON KWOK CHEN & HEID LLP
2033 Gateway Place, Suite 400
San Jose, CA 95110
Telephone:  (408) 392-9250
Facsimile:  (408) 392-9262

Attorney for Defendants
NEURALSTEM, INC., KARL K. JOHE, and
I. RICHARD GARR

Clark S. Stone (SBN 202123) cstone@macpherson-kwok.com
MACPHERSON KWOK CHEN & HEID LLP
2033 Gateway Place, Suite 400
San Jose, CA 95110
Telephone: (408) 392-9250
Facsimile: (408) 392-9262

Alan L. Barry (*pro hac vice* pending) abarry@bellboyd.com
Michael J. Abernathy (*pro hac vice* pending*)* mabernathy@bellboyd.com
Sanjay K. Murthy (SBN 212097) smurthy@bellboyd.com
BELL, BOYD & LLOYD LLP
70 West Madison Street, Suite 3300
Chicago, Illinois 60602
Telephone: (312) 372-1121
Facsimile: (312) 827-8000

Attorneys for Defendants
NEURALSTEM, INC., KARL K. JOHE, and
I. RICHARD GARR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEMCELLS, INC., a Delaware corporation, and STEMCELLS CALIFORNIA, INC., a California corporation,<br><br>            Plaintiffs,<br><br>v.<br><br>NEURALSTEM, INC., a Delaware corporation, KARL K. JOHE, an individual, and I. RICHARD GARR, an individual,<br><br>            Defendants. | **Case No. C 08-02364 CW**<br><br>**DECLARATION OF SANJAY K. MURTHY IN SUPPORT OF DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE AMENDED COMPLAINT**<br><br>Judge:    Hon. Claudia Wilken<br>Date:      August 26, 2008<br>Time:     2:00 p.m.<br>Courtroom: Courtroom 2, 4th Floor |

DECLARATION OF SANJAY K. MURTHY IN SUPPORT
DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR
OTHERWISE RESPOND TO THE AMENDED COMPLAINT
CASE NO. C 08-02364 (CW)

I, Sanjay K. Murthy, declare:

1. I am a partner with the law firm of Bell, Boyd & Lloyd LLP and I am counsel for defendants Neuralstem, Inc., Karl K. Johe and I. Richard Garr (collectively "Defendants") in the above-captioned matter. I submit this Declaration in support of Defendants' Motion to Extend Time to Answer or Otherwise Respond to the Amended Complaint.

2. Attached hereto as Exhibit A is a true and correct copy of an e-mail I received from John R. Fuisz, counsel for StemCells, Inc. and StemCells California, Inc. on July 9, 2008.

3. Attached hereto as Exhibit B is a true and correct copy of a letter I sent to William Gaede, counsel for StemCells, Inc. and StemCells California, Inc. on July 2, 2008.

4. Attached hereto as Exhibit C is a true and correct copy of a letter I received from John R. Fuisz, counsel for StemCells, Inc. and StemCells California, Inc., on July 7, 2008 in response to my letter of July 2, 2008.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed this 14th day of July, 2008 at Chicago, Illinois.

/s/Sanjay K Murthy
Sanjay K. Murthy

DECLARATION OF SANJAY K. MURTHY IN SUPPORT
DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR
OTHERWISE RESPOND TO THE AMENDED COMPLAINT
CASE NO. C 08-02364 (CW)

1

## Jager, Julie A.

| | |
|---|---|
| **From:** | Fuisz, John [jfuisz@mwe.com] |
| **Sent:** | Wednesday, July 09, 2008 11:26 AM |
| **To:** | Murthy, Sanjay K.; StemCells-NeuralStem (1877) (0109015-00044) |
| **Cc:** | Gaede, William; Shahida, Stephen |
| **Subject:** | RE: Neuralstem, Inc. v. StemCells, Inc et al. - Civil Action No. 08-1877 |

Sanjay -

We disagree on the service issue. Nevertheless, we interpret the Court's Order as requiring a response on July 15, 2008 by all of the defendants, which includes Neurospheres.

As of today, I am still working though representation issues and cannot provide you with a response on behalf of Neurospheres. We should have the representation issues resolved prior to July 15th such that you can expect a motion to dismiss being filed on behalf of SCI and Neurospheres on the 15th. If we don't work out the representation issues by the 15th, you can expect Neurospheres' counsel will file something by the 15th.

John R. Fuisz
McDermott Will & Emery LLP
Tel. 202.756.8029

---

**From:** Murthy, Sanjay K. [mailto:smurthy@bellboyd.com]
**Sent:** Wednesday, July 09, 2008 12:03 PM
**To:** Fuisz, John; StemCells-NeuralStem (1877) (0109015-00044)
**Cc:** Gaede, William; Shahida, Stephen
**Subject:** Neuralstem, Inc. v. StemCells, Inc et al. - Civil Action No. 08-1877

Dear John:

As you know Neurospheres Holding Ltd. ("Neurospheres") was served on June 12, 2008. Accordingly, its Answer or other response is past due. Please let me know by close of business today if you will be filing your response. Otherwise, we will move the Court to enter default judgment.

Neurospheres was not a party to StemCells, Inc. and StemCells California, Inc.'s ("StemCells") motion for an extension of time. In fact, you even disclaimed representing Neurospheres during our telephonic hearing. Thus, Neurospheres is not covered by Judge Williams' Order and nothing in the Order indicates otherwise.

Finally, you argued to Judge Williams that you wanted enough time to guarantee that StemCells' response could be coordinated with Neurospheres' response, which is why StemCells was given until July 15, 2008, the latest date by which we said service would be perfected, plus 20 days. Indeed, the relief you requested was for StemCells' response "to be the same date on which the response is due for the yet to be served Co-Defendant, Neurospheres Holding Ltd," which was July 2.

Please call me if you have any questions regarding the above.

Best regards,

Sanjay

**Sanjay K. Murthy** | **Bell, Boyd & Lloyd LLP**
70 W. Madison St., Ste. 3100 | Chicago, IL 60602-4207
t. 312-807-4416 | f. 312-827-8138
smurthy@bellboyd.com | www.bellboyd.com

The information contained in this e-mail message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any further disclosure or use, dissemination, distribution, or copying of this message or any attachment is strictly prohibited. If you think that you have received this e-mail message in error, please delete it and notify Sanjay K. Murthy (smurthy@bellboyd.com). If this message contains advice with respect to a Federal tax matter, in accordance with the Treasury Department's Circular 230 such advice is not intended or written to be used, and cannot be used, for the purpose of avoiding any Federal tax penalties.

***********************************************************************************************************

IRS Circular 230 Disclosure: To comply with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained herein (including any attachments), unless specifically stated otherwise, is not intended or written to be used, and cannot be used, for the purposes of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter herein.
_____

This message is a PRIVILEGED AND CONFIDENTIAL communication. This message and all attachments are a private communication sent by a law firm and may be confidential or protected by privilege. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or use of the information contained in or attached to this message is strictly prohibited. Please notify the sender of the delivery error by replying to this message, and then delete it from your system. Thank you.
***********************************************************************************************************

Please visit http://www.mwe.com/ for more information about our Firm.

**EXHIBIT B**



# BELL BOYD
BELL, BOYD & LLOYD LLP

70 West Madison Street, Suite 3100
Chicago, Illinois 60602-4207
312.372.1121 • Fax 312.827.8000

SANJAY K. MURTHY
312.807.4416
smurthy@bellboyd.com
Direct Fax: 312.827.8138

July 2, 2008

William G. Gaede
McDermott Will & Emery LLP
3150 Porter Drive
Palo Alto, CA 94304

    Re:    StemCells, Inc. et al. v. Neuralstem, Inc. et al.
            Civil Action No. 08-02364 (CW)

Dear Bill:

    The language of Judge Wilken's July 1, 2008 Order appears to indicate that this case will technically remain open pending the resolution of StemCells' potential motion in front of Judge Williams. Therefore, to avoid any ambiguity, Defendants request that Plaintiffs consent to extend their time to Answer or otherwise respond in this action until Judge Williams rules on any motion in Maryland, or, alternatively, until August 26, 2008, which is the tentative date Judge Wilken set for the Case Management Conference. Please let us know if plaintiffs are willing to consent to such an extension.

    If you have any questions regarding this matter, please do not hesitate to call me.

Very truly yours,

Sanjay K. Murthy

SKM:jzj

cc:    John R. Fuisz

chicago • washington

# EXHIBIT C

# McDermott
# Will & Emery

Boston  Brussels  Chicago  Düsseldorf  Houston  London  Los Angeles  Miami  Munich
New York  Orange County  Rome  San Diego  Silicon Valley  Washington, D.C.

Strategic alliance with MWE China Law Offices (Shanghai)

John R. Fuisz
Attorney at Law
jfuisz@mwe.com
202.756.8029

July 7, 2008

**VIA EMAIL**

Sanjay Murthy
Bell Boyd
70 West Madison St.
Suite 3100
Chicago, Illinois 60602-4207

RE:   StemCells, Inc. v. Neuralstem, Inc.
      Case No. 08-02364

Dear Sanjay:

We are writing in response to your July 2, 2008 letter to Bill Gaede requesting an extension of time to answer or otherwise respond. We read the Order as stating that Judge Wilken will be moving the case forward until the issue of transfer is decided by the Maryland court. Delaying Neuralstem's response date to August 26th is only going to make it difficult to have a meaningful Case Management Conference, which is directly contrary to Judge Wilken's Order. Therefore, we cannot agree on an extension of time.

Sincerely,

John R. Fuisz

U.S. practice conducted through McDermott Will & Emery LLP.
600 Thirteenth Street, N.W. Washington D.C. 20005-3096  Telephone: 202.756.8000  Facsimile: 202.756.8087  www.mwe.com