1  MCDERMOTT WILL & EMERY LLP
   Terrence P. McMahon (71910)
2  tmcmahon@mwe.com
   William G. Gaede III (136184)
3  wgaede@mwe.com
   Andrew A. Kumamoto (178541)
4  akumamoto@mwe.com
   3150 Porter Drive
5  Palo Alto, CA  94304-1212
   Telephone:       (650) 813-5000
6  Facsimile:       (650) 813-5100

7  MCDERMOTT WILL & EMERY LLP
   John R. Fuisz (*pro hac vice*)
8  jfuisz@wme.com
   Stephen Shahida (*pro hac vice*)
9  sshahida@wme.com
   600 13th Street, N.W.
10 Washington, DC 20005-3096
   Telephone:       (202) 756-8000
11 Facsimile:       (202) 756-8087

12 Attorneys for *StemCells, Inc. and
   StemCells California, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEMCELLS, INC., a Delaware corporation, and STEMCELLS CALIFORNIA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>NEURALSTEM, INC., a Maryland corporation, KARL K. JOHE, an individual, and I. RICHARD GARR, an individual,<br><br>Defendants. | Case No.  C-08-02364 CW<br><br>**OPPOSITION TO DEFENDANTS' MOTION TO EXTEND TIME TO ANSWER OR OTHERWISE RESPOND TO THE AMENDED COMPLAINT**<br><br>Date:       August 26, 2008<br>Time:      2:00 p.m.<br>Courtroom 2, 4th Floor<br><br>**Hon. Claudia Wilken** |

## I. INTRODUCTION

Defendants Neuralstem, Inc., Karl K. Johe, and I. Richard Garr (collectively "Defendants") seek to further delay StemCells, Inc. and StemCells California, Inc.'s (collectively "StemCells" or "Plaintiffs") ability to move forward with enforcing their patent rights by unnecessarily filing the present Motion to Extend Time to Answer or Otherwise Respond to the Amended Complaint (the "Motion"). Defendants' Motion is contrary to this Court's July 1 Order, which unambiguously authorized a stay of this action only if StemCells failed to file a motion to transfer in Maryland. The Court's Order clearly contemplated that this action would continue forward if the motion was filed, which it was, and the Court maintained the August 26 Case Management Conference on its docket.

Despite this clear direction from the Court, Defendants seek to delay this matter for likely at least 60 days. In doing so, Defendants (1) imply that this Court's unambiguous denial of Defendants' Motion to Dismiss, Stay or Transfer was miscalculated or mistaken, (2) conjure up alleged substantial harms of having to answer now, and (3) misinterpret the Federal Rules of Civil Procedure to support their incorrect assertion that they can have multiple bites at attacking the pleadings without having to answer Plaintiffs' First Amended Complaint. None of this withstands scrutiny: (1) The Court's July 1 Order set the direction and timing for this case; (2) the supposed prejudice of having to answer to assert their defenses rings hollow in light of their Rule 11 obligations to have filed a proper declaratory relief action in Maryland that Defendants concede is a mirror of the suit here (Defendants' Mot. at 1:16-17); and (3) nothing in the Federal Rules permits multiple pre-answer motions to endlessly delay this suit.

This Motion is a thinly veiled attempt to renew Defendants' request for a stay that has already been denied. Plaintiffs request that the Court Order Defendants to answer by July 16 and to further clarify that Defendants are not entitled to file another pre-answer motion to "otherwise" respond to StemCells' Amended Complaint.

## II. STATEMENT OF FACTS

On May 7, 2008, Defendants filed a declaratory judgment action in the District of Maryland (the "Maryland Action") seeking a declaration that U.S. Patent No. 7,361,505 (the "'505 patent") is invalid, not infringed and unenforceable. The same day, Plaintiffs filed the present action (the "California Action") seeking damages against Defendants for the infringement and/or inducement of infringement of the '505 patent

1  and U.S. Patent No. 7,115,418 (the "'418 patent"). Plaintiffs amended their complaint on May 9, 2008, to add
2  two California state law causes of action (the "Amended Complaint"). (Dkt. No. 10, First Amended
3  Complaint). On May 12, 2008, this Court entered an order scheduling a Case Management Conference for
4  August 26, 2008, and directed the parties to prepare a Joint Case Management Conference Statement by
5  August 19, 2008. (Dkt. No. 11, Case Management Scheduling Order). On May 13, 2008, Defendants filed an
6  amended declaratory judgment complaint in the Maryland Action requesting relief of no infringement of the
7  '418 patent and a declaration that Defendants' conduct did not constitute violations of California state law, in
8  order to mirror the Amended Complaint.

9       On May 30, 2008, Defendants filed a Motion to Dismiss, Stay or Transfer the California Action. (Dkt.
10 No. 19, Defendants' Motion to Dismiss, Stay or Transfer). On July 1, 2008, this Court denied Defendants'
11 requests to dismiss, stay or transfer, and deferred to the Maryland court to determine whether there was an
12 exception to the first-to-file rule. (Dkt. No. 37, Order Denying Defendants' Motion to Dismiss, Stay or
13 Transfer (the "Order")). In addition to denying a stay, this Court clearly stated that the Case Management
14 Conference previously scheduled for August 26, 2008, would still be held on that date. This Court also invited
15 Plaintiffs to file a motion to transfer the Maryland Action with the Maryland court by July 15, 2008, stating
16 that this case would be stayed only if StemCells failed to file a motion to transfer in Maryland.[1] On July 15,
17 2008, Plaintiffs complied with the deadlines set by both this Court and the Maryland court when it filed its
18 Motion to Dismiss, Transfer or Stay the Maryland Action.

19      On July 14, 2008, two days prior to its deadline to file an answer to Plaintiff's Amended Complaint (and
20 two weeks after this Court's order), Defendants filed the present Motion seeking an extension of time to answer
21 or otherwise respond to the Amended Complaint.

22 **III. ARGUMENT**

23      Defendants have already contested the pleadings with their Motion to Dismiss, Stay or Transfer and
24 failed. Each of Defendants assertions to warrant a stay are unavailing and this Court should deny Defendants
25 present stall tactic and disguised motion for reconsideration and require them to answer the Amended
26 Complaint forthwith.

---

[1] This Court's July 15, 2008 deadline coincides with the Maryland court's July 15, 2008 deadline for
28 StemCells to answer or otherwise respond to Neuralstem's Amended Complaint.

1    The request for a stay finds no basis in this Court's July 1 Order as the Court already considered under
2    what circumstances, if any, this case should be stayed. The Court's July 1 Order maintained the August 26,
3    2008 Case Management Conference, and requested that StemCells file a motion to transfer by July 15, which
4    was the date for StemCells to file a responsive pleading in Maryland.[2] This Court was aware that Defendants'
5    answer must be filed on July 16, and that the parties would have their Rule 26(f) conference and serve
6    discovery on August 5. And yet, despite all that this Court was cognizant of when it refused to stay the
7    California Action, Defendants nonetheless assert that they "do not believe this Court intended to have the
8    parties address substantive issues before the District of Maryland decides the appropriate forum" as support for
9    granting an extension of time. (Defendant's Mot. at 3:15-17). There is simply no basis to this contention given
10   this Court's carefully-crafted order permitting the case to move forward.

11   This Court was also reasonable in concluding that substantial harm or prejudice would not be caused by
12   requiring Defendants' to answer the Amended Complaint or by allowing discovery to go forward in August as
13   scheduled. Defendants' unfounded assertion that they would be harmed by having to answer the Amended
14   Complaint or serve discovery is severely undercut by their repeated admissions that the Maryland and
15   California Actions are mirror images of each other. Presumably upon filing their declaratory relief complaints
16   in May in Maryland for noninfringement, invalidity, inequitable conduct and no violation of the California
17   state law causes of action, Defendants had conducted a proper Rule 11 basis to define their claims and defenses
18   prior to filing suit. Contending now that they do not know their defenses and need more time only serves to
19   highlight the bad faith and anticipatory nature of the Maryland suit and that any stay of StemCells vindicating it
20   legal rights before this Court would be unjustified. Further, any discovery and development of preliminary
21   contentions that occurs in California would be equally applicable to the identical issues before the Maryland
22   court. This would not result in duplicative litigation or wasted efforts should the Maryland court decide to
23   deny Plaintiffs' July 15 request to dismiss or transfer.

24   Defendants' assertion that judicial resources would be wasted by this Court having to determine

---

[2] Defendants' implication that Plaintiffs intentionally delayed filing their Motion to Dismiss, Transfer or Stay the Maryland Action until the last possible day, July 15, in order to harm Defendants (Defendants' Mot. at 2:4-10) is without merit and offensive, especially given that both the Maryland and California courts set July 15 as the deadline to file. Moreover, Defendants admit that Plaintiffs informed them well in advance of July 15 of their intention to file a motion to dismiss or transfer the Maryland Action. (*Id.*)

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

MPK 144337-1.081361.0011  - 3 -  OPPOSITION TO DEFTS' M/EXTENSION TO RESPOND TO COMPLAINT
CASE NO. C-08-02364 CW

1  substantive motions before the Maryland court rules is equally unavailing. As addressed below, Defendants
2  are not entitled to successive pre-answer motions to dismiss and thus no substantive motions are pending or
3  should be brought before this Court prior to the Maryland court's ruling. Defendants' cries of substantial harm
4  or prejudice are baseless.

5  Defendants are mistaken when they assert that they are afforded another opportunity to file a pre-answer
6  motion to dismiss. Whether or not Defendants' previous Motion to Dismiss, Stay or Transfer was brought
7  under Rule 12(b) or under the first-to-file rule, Defendants do not get repeated bites by filing successive pre-
8  answer motions challenging the pleadings. "The waiver provision of Rule 12(h) is not limited to pre-answer
9  motions raising a 12(b) defense. Rather, it becomes effective upon the filing of any pre-answer motion to
10 dismiss which may include, but is not limited to, those grounds enumerated under 12(b)." *Consol. Rail Corp.*
11 *v. Grand Trunk W. R.R Co.*, 592 F. Supp. 562, 567 (E.D. Penn. 1984) (denying successive motion to dismiss
12 for lack of personal jurisdiction as waived as it should have brought with first motion to dismiss that was
13 brought under the first-to-file rule); *see also* 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and*
14 *Procedure* § 1394 (3d ed. 2006). Defendants incorrectly rely on this Court's decision in *Fujitsu Ltd. v. Nanya*
15 *Tech. Corp.*, to support that they, having previously failed to dismiss, stay or transfer, can now file a successive
16 pre-answer motion to assert new grounds for dismissal in lieu of timely answering the Amended Complaint.[3]

17 In *Fujitsu*, this Court grappled with deciding whether the defendant had defaulted when it had not
18 answered the complaint but instead had filed a motion to dismiss under the first-to-file rule and for insufficient
19 service. *See Fujitsu*, 2007 U.S. Dist. LEXIS 13132 (N.D. Cal. 2007) While this Court found that the
20 defendant's motion to dismiss was not a Rule 12(b) motion, this Court did not grant the defendant the right to
21 file a successive pre-answer motion to dismiss. Rather, this Court held that the defendant had not defaulted and
22 therefore allowed the defendant to file an answer. Defendants have cited no authority supporting their
23 presumption that they can file another pre-answer motion. Instead, Defendants blur the line between the notion
24 of waiver of presenting arguments at any time in the proceedings, such as by pleading them in their answer, in

---

[3] Defendants have been aware of this Court's decision in *Fujitsu* for several months as they cited it (for other propositions) in their Reply in Support of their Motion to Dismiss, Stay or Transfer the California Action, as well as their Opposition to StemCells' Motion to Extend Time to Answer in the Maryland Action. And yet, Defendants withheld from their aforementioned Reply that *Fujitsu* allegedly supported their right to file another pre-answer motion. To assert this now, two days before their answer is due, rather than over a month ago, is disingenuous.

MPK 144337-1.081361.0011   - 4 -   **OPPOSITION TO DEFTS' M/EXTENSION TO RESPOND TO COMPLAINT CASE NO. C-08-02364 CW**

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

1  the hopes of obtaining a second bite at delaying with a pre-answer motion.  "Rule 12(h) must be read in

2  conjunction with Rule 12(g), which deals with the consolidation of defenses.  The two provisions express the

3  closely related objectives of eliminating multiple preliminary motions . . . and at the same time preserving a

4  party's ability to interpose more significant and substantive defenses at later points in the action."  5C Charles

5  Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1390.  Defendants should not get to file

6  successive pre-answer motions under Rule 12(b).

7      Defendants' assertion that the Amended Complaint fails to meet Rule 8(a)'s pleading requirements is

8  another meritless attempt to file a successive pre-answer motion.[4]  However, Plaintiffs met their minimum

9  pleading requirements when they (1) identified that they owned the '418 and '505 patents, (2) attached and

10  referenced their April 23, 2008 press release stating that use of neural stem cells required a licensed, and (3)

11  alleged that Neuralstem, as well Mr. Garr and Dr. Johe, have infringed or induced infringement of the '418 and

12  '505 patents by using neural stem cells.  "The Federal Rules of Civil Procedure do not require a claimant to set

13  out in detail the facts upon which he bases his claim."  *E.g., Conley v. Gibson*, 355 U.S. 41, 47-48 (1957).

14  "Instead, a patentee need only plead facts sufficient to place the alleged infringer on notice."  *E.g.,*

15  *Phonometrics, Inc. v. Hospitality Franchise Sys.*, 203 F.3d 790, 794 (Fed. Cir. 2000).[5]

16  **IV.  CONCLUSION**

17      For the reasons stated above, Plaintiffs respectfully request that this Court put a halt to Defendants'

18  continued delay of justice and deny Defendants' Motion to Extend Time to Answer or Otherwise Respond to

19  StemCells' Amended Complaint.

20  DATED:  July 15, 2008                               MCDERMOTT WILL & EMERY LLP

21                                                                       By:  */s/ William G. Gaede, III*
22                                                                                William G. Gaede, III

---

[4] Plaintiffs assume that Defendants intend to present an argument that all of Defendants' allegedly infringing activities are protected by 35 U.S.C. § 271(e) in support of any proposed successive 12(b) filing.  Determining whether or not 271(e) applies would be premature at this juncture as 271(e) is an affirmative defense.

[5] Defendants' assertion that Plaintiff conceded that its Amended Complaint was deficient by belatedly identifying new facts that support infringement in a footnote in its Opposition to Defendants' Motion to Dismiss, Transfer or Stay (Defendants' Mot. at 4 fn 3) is specious given the minimum pleading requirements. Moreover, Defendants' admitted that they had notice and were aware of the activities that Plaintiffs' allege constitute infringement and inducement of infringement when Defendants asserted that the alleged infringing conduct in the two Maryland actions were identical. (*See* Dkt. No. 19, Defendants' Motion to Dismiss, Stay or Transfer, at 1:18-20, 2:3-6, 11:4-5).

MPK 144337-1.081361.0011                               - 5 -                               **OPPOSITION TO DEFTS' M/EXTENSION TO RESPOND TO COMPLAINT CASE NO. C-08-02364 CW**

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO