United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEMCELLS, INC., a Delaware corporation; and STEMCELLS CALIFORNIA, INC., a California corporation,<br><br>           Plaintiffs,<br><br>     v.<br><br>NEURALSTEM, INC., a Maryland Corporation; KARL K. JOHE; and I. RICHARD GARR,<br><br>           Defendants. | No. C 08-2364 CW<br><br>ORDER GRANTING DEFENDANTS' MOTION TO EXTEND TIME |

On July 1, 2008, the Court denied Defendants' motion to dismiss this action pursuant to the first-to-file rule and denied without prejudice their alternative motion to stay the case or transfer it to the District of Maryland. In that order, the Court advised Plaintiffs that, if they wished to have their complaint in this case decided in this Court, they should, by July 15, 2008, file a motion to transfer the declaratory judgment action and an earlier related action from the District of Maryland to this Court.

Accordingly, the Court advised the parties that, if the motion to transfer is granted, they should file a notice of related cases

and the Maryland cases will be related to this case or, if the motion to transfer is denied, the Court will transfer this case to the District of Maryland. In addition, the Court advised the parties that a case management conference will be held in this case as previously scheduled on August 26, 2008 at 2:00 PM, unless by that date the case has been transferred to Maryland or stayed. On July 15, 2008, Plaintiff filed in the District of Maryland a motion to dismiss or transfer the Maryland actions to this Court.

Defendants now move to extend by sixty days the deadline to answer or otherwise respond to the amended complaint in this case or, if the District of Maryland rules on Plaintiff's motion before that deadline, until ten days after the District of Maryland enters its order. In their motion, Defendants state that they intend to file a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiff opposes the motion on two grounds. It argues that there are no grounds to justify an extension of time and, in any event, Defendants are barred from filing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) because their motion to dismiss pursuant to the first-to-file rule has already been denied.

The Court finds that the interests of economy for both the Court and the parties justify granting Defendants' request. Moreover, Plaintiff cites no authority prohibiting Defendants from filing a Rule 12(b)(6) motion to dismiss after filing a motion to dismiss pursuant to the first-to-file rule. Plaintiff cites

2

1  <u>Consolidated Rail Corp. v. Grand T.W.R. Co.</u>, in which a court in
2  the Eastern District of Pennsylvania found that the defendant
3  waived the defense of personal jurisdiction because it had not
4  raised the issue in its earlier motion to dismiss pursuant to the
5  first-to-file rule.  592 F. Supp. 562, 567 (E.D. Penn. 1984).  This
6  case is not binding authority on this Court and it is
7  distinguishable.  Here, Defendants seek to move to dismiss for
8  failure to state a claim, while the defendant in <u>Consolidated Rail</u>
9  sought to move to dismiss for lack of personal jurisdiction.
10 Unlike questions of personal jurisdiction, which are relevant to
11 the first-to-file analysis and therefore should be raised in a
12 motion to dismiss pursuant to the first-to-file rule, questions of
13 the legal sufficiency of a party's claims are not considered when
14 deciding a motion to dismiss pursuant to the first-to-file rule.

15     For the foregoing reasons, the Court GRANTS Defendants' motion
16 to extend time to file a responsive pleading (Docket No. 38).
17 Defendants shall file their responsive pleading within sixty days
18 of the date of this order, unless the District of Maryland enters
19 its order on Plaintiffs' motion to transfer before that time.  In
20 that case, Defendants shall file their pleading within ten days of
21 the date of that order.
22     IT IS SO ORDERED.

Dated:  7/24/08

_____
CLAUDIA WILKEN
United States District Judge

3