MCDERMOTT WILL & EMERY LLP
Terrence P. McMahon (71910)
tmcmahon@mwe.com
William G. Gaede III (136184)
wgaede@mwe.com
Andrew A. Kumamoto (178541)
akumamoto@mwe.com
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:    (650) 813-5000
Facsimile:    (650) 813-5100

MCDERMOTT WILL & EMERY LLP
John R. Fuisz (*pro hac vice*)
jfuisz@mwe.com
Stephen Shahida (*pro hac vice*)
sshahida@mwe.com
600 13th Street, N.W.
Washington, DC 20005-3096
Telephone:    (202) 756-8000
Facsimile:    (202) 756-8087

Attorneys for *StemCells, Inc. and
StemCells California, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEMCELLS, INC., a Delaware corporation, and STEMCELLS CALIFORNIA, INC., a California corporation, <br><br> Plaintiffs, <br><br> v <br><br> NEURALSTEM, INC., a Delaware corporation, KARL K. JOHE, an individual, and I. RICHARD GARR, an individual, <br><br> Defendants. | Case No.  C-08-02364 CW <br><br> **OPPOSITION-IN-PART TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO MOVE THE CASE MANAGEMENT CONFERENCE, AND REQUEST TO SET TRIAL DATE** <br><br> **Hon. Claudia Wilken** |

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

1    This is an unfortunate motion engendered by opposing counsel refusing to accept that his

2    personal circumstance should not impact on the procedural rights of plaintiff StemCells Inc. and

3    StemCells California Inc..   We agree that the Court should continue the Case Management

4    Conference to accommodate opposing counsel's personal circumstance, and have always so

5    agreed.   StemCells simply asked that opposing counsel/Neuralstem agree to make the following

6    request to the Court:

> Based on those [personal] obligations, which recently arose, the Parties believe
> that rescheduling of the current date is appropriate but, ***if also appropriate with***
> ***the Court, do not want this delay to impact on the setting of the trial date at the***
> ***earliest possible date.***   Based on conversations with the Calendar Clerk, the
> Parties were informed that there was availability for trial dates in September or
> October 2009.   The parties have agreed that trial in this matter will require
> between 8-12 trial days.  (Murthy Decl., Ex. E; Draft Stipulation To Continue
> CMC)

11    As StemCells understands it, the Court has trial dates already set in the November and

12    into December 2009 timeframe.   Thus, this window of opportunity for an earlier trial date could

13    be lost over other suits on the docket if the Case Management Conference was continued.   Given

14    Defendants' serious press release allegations that StemCells' committed fraud on the Patent

15    Office on the recently obtained (and asserted) '505 Patent, StemCells must preserve every

16    opportunity it can to press forward for the earliest possible trial date to clear this cloud and

17    enforce its intellectual property.   Defendants' position that Mr. Murthy's personal issue, which

18    we accommodated, should impact on StemCells procedural position in the que to obtain the

19    earliest possible trial date is unjust and unfair to the rights of StemCells

20    Further, this represents Defendants' third rationale to avoid or not go forward with the

21    CMC on August 26.   First, they claimed that a Clerk's Order vacated the CMC.   (*See* Gaede

22    Decl.,[1] Exs. 1 and 2.)   Second, after conceding that position did not have merit, Defendants

23    claimed that this Court could not have intended the August 26 Case Management Conference to

24    go forward despite two orders to the contrary.   Defendants represented to Judge Williams in

25    Maryland on August 6:

26

[1] "Gaede Decl" refers to the Declaration of William G. Gaede, III in Support of Plaintiffs'
Opposition-in-Part to Defendants' Motion for Administrative Relief to Move the Case
Management Conference, and Request to Set Trial Date, filed herewith.

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

MPK 145577-1.081361.0011                - 2 -                **Opposition-in-Part to M/Reschedule
CMC and Request to Set Trial Date
Case No. C-08-02364 CW**

1
2
3

> Nevertheless, in light of Judge Wilken's Order dated July 24, 2008 granting it a sixty-day extension of time to respond to the California Complaint (Opposition, Exhibit C), **Neuralstem will be seeking relief from the Court in California from the Case Management Conference date and/or the requirements under the Federal Rules and Local Rules that are triggered by that conference until this Court decides which forum is appropriate for this dispute**.

4

(Gaede Decl., Ex. 3, (emphasis added).)  No such motion was expeditiously filed seeking such

5

relief.  Third, this personal circumstance has recently arisen on August 14 to justify delaying the

6

CMC.  Moreover, two highly experienced Bell Boyd partners listed ahead of Mr. Murthy on the

7

pleadings have made no representation of unavailability to attend the August 26 conference.

8

There is a pattern here of developing whatever rationale may be asserted to attempt to delay

9

StemCells vindicating its rights before this Court.

10

StemCells does not oppose Mr. Murthy's request that his personal circumstance should be

11

accommodated, but it should not impact, to the extent appropriate with the Court's own

12

management over its docket, with the earliest possible date for trial.[2]  As to the disclosures under

13

the Northern District Local Patent Rules, the initial infringement contentions may be filed no later

14

than 10 days after the CMC.  Of course, they may be filed earlier, triggering the responsive

15

invalidity contentions.  StemCells will continue forward with the original September 10

16

disclosure date, so that the current local rule disclosure schedule is adhered to so as to provide

17

more than enough time in advance of a September or October 2009 trial date.  It would be

18

disingenuous for Defendants to argue that adhering to this schedule poses any difficulties when

19

they have known of it since May and have leveled in Maryland affirmative invalidity contentions

20

against StemCells' two patents.

21

Finally, this Court has set in place a self-triggering mechanism of what will occur

22

depending on Judge Williams decision on StemCells pending motion to transfer.[3]  If the motion is

23
24
25
26

---

[2] As part of the hyperbole in Defendants' motion, Defendants contend that StemCells refused to contact the Court to attempt to arrange an earlier CMC date than September 16.  Not true. StemCells would welcome any date during the week of September 2 for a CMC, which Mr. Murthy has represented will work for him given his personal circumstance.  Indeed, upon reading that incorrect assertion, StemCells' counsel contacted Mr. Murthy and informed him of his error.

27
28

[3] Just today, Judge William entered an order which denied re-opening the administratively closed First Maryland Case.  (*See* Gaede Decl., Ex. 4.)  Thus, that Maryland suit will not be proceeding forward at this time and remains administratively closed.

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

1    denied next week, California continues forward, as it has been **with discovery already served.** If

2    it is granted next week, California is stayed and/or transferred. There is no legitimate reason to

3    continue the CMC until September 16 and not also set a trial date when the Court has already

4    decided when, and under what conditions, this case will continue forward or be stayed.

5        StemCells' respectfully requests that the Court, if appropriate, set a trial date now in

6    September or October 2009 and continue the CMC to September 16, 2008.

7    DATED:    August 15, 2008            MCDERMOTT WILL & EMERY LLP

8

9        By:        */s/ William G. Gaede, III*
                    William G. Gaede

10

11       Attorneys for *StemCells, Inc. and
         StemCells California, Inc.*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

McDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

MCDERMOTT WILL & EMERY LLP
Terrence P. McMahon (71910)
tmcmahon@mwe.com
William G. Gaede III (136184)
wgaede@mwe.com
Andrew A. Kumamoto (178541)
akumamoto@mwe.com
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:    (650) 813-5000
Facsimile:    (650) 813-5100

MCDERMOTT WILL & EMERY LLP
John R. Fuisz (*pro hac vice*)
jfuisz@wme.com
Stephen Shahida (*pro hac vice*)
sshahida@wme.com
600 13th Street, N.W.
Washington, DC 20005-3096
Telephone:    (202) 756-8000
Facsimile:    (202) 756-8087

Attorneys for *StemCells, Inc. and StemCells California, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEMCELLS, INC., a Delaware corporation, and STEMCELLS CALIFORNIA, INC., a California corporation, <br><br> Plaintiffs, <br><br> v <br><br> NEURALSTEM, INC., a Delaware corporation, KARL K. JOHE, an individual, and I. RICHARD GARR, an individual, <br><br> Defendants. | Case No.  C-08-02364 CW <br><br> **DECLARATION OF WILLIAM G. GAEDE, III IN SUPPORT OF PLAINTIFFS' OPPOSITION-IN-PART TO DEFENDANTS' MOTION FOR ADMINISTRATIVE RELIEF TO MOVE THE CASE MANAGEMENT CONFERENCE, AND REQUEST TO SET TRIAL DATE** <br><br> **Hon. Claudia Wilken** |

I, William G. Gaede, III, declare as follows:

1.      I am a partner with McDermott Will & Emery LLP and counsel for Plaintiffs StemCells, Inc. and StemCells California, Inc. in the above-captioned matter.

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

2.    I am submitting this declaration in support of Plaintiffs' Opposition-in-Part to Defendants' Motion for Administrative Relief to Move the Case Management Conference, and Request to Set Trial Date.

3.    I have knowledge of the following, and if called as a witness, could and would testify competently to the contents herein.

4.    Attached as Exhibit 1 is a true and correct copy of selected pages from Neuralstem, Inc.'s Opposition to StemCells' Motion to Dismiss or Transfer filed July 25, 2008, in Maryland District Court Case No. 08-CV-1173 AW.

5.    Attached as Exhibit 2 is a true and correct copy of an August 5, 2008, email received from Neuralstem's counsel, Sanjay Murthy.

6.    Attached as Exhibit 3 is a true and correct copy of Neuralstem's Notice of Correction filed August 6, 2008, in Maryland District Court Case No. 08-CV-1173 AW.

7.    Attached as Exhibit 4 is a true and correct copy of Judge William's August 15, 2008, Order Denying Neuralstem's Motion to Re-Open Case and Lift Stay in Maryland District Court Case Number 06-CV-01877 AW.

I declare, under penalty of perjury, under the laws of the United States, that the foregoing is true and correct and that this Declaration was completed at Palo Alto, California this 15th day of August 2008.

_/s/ William G. Gaede, III_
William G. Gaede, III

McDermott Will & Emery LLP
Attorneys At Law
Palo Alto

# EXHIBIT
# 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| | : | |
| NEURALSTEM, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. AW 08 CV 1173 |
| v. | : | |
| | : | |
| STEMCELLS, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR LACK
OF SUBJECT MATTER JURISDICTION, AND IMPROPER VENUE OR IN THE
<u>ALTERNATIVE TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA</u>**

its newly issued patent (U.S. Patent No. 7,361,505 (the "'505 patent")), Neuralstem, **which was already being sued by StemCells in this Court** for the same activity on nearly identical patents, filed this Declaratory Judgment Action to clear its name. Rather than proceed in Maryland again, StemCells filed a reactionary infringement lawsuit within hours on the opposite side of the country. StemCells' decision to file the exact lawsuit that Neuralstem feared belies any claim that this suit was in "bad faith," "anticipatory," or lacking a justiciable controversy. If anything, StemCells' nearly simultaneous filing proves a controversy existed.

StemCells' claims that the "convenience factors" articulated in *Micron Technology, Inc. v. MOSAID Technologies, Inc.*, 518 F.3d 897 (Fed. Cir. 2008), weigh in favor of resolving this dispute in California are groundless. It is undisputed that some (if not all) of the allegedly infringing conduct in this case and the Related Maryland Action is the same. Without consolidating this case with the previous action, there is a serious risk of inconsistent rulings on the "safe harbor" defense (at issue in both litigations) and different claim constructions for the same terms in the patents involved in this case and the Related Maryland Action, which are all related.

Finally, StemCells' assertion that the California Action is moving "expeditiously forward" is untrue. (Motion, at 4, 8.) Recognizing that Neuralstem's suit was the first-filed action, Judge Wilken "defer[red] to the District of Maryland to decide the appropriate forum and whether an exception to the first-to-file rule is applicable." (Ex. A, at 8.)[3] One day after Defendants' Motion was filed, Judge Wilken cancelled the Case Management Conference set for August 26, 2008, refuting any notion that

---

[3] All Exhibits are attached to the Declaration of Sanjay K. Murthy In Support of Plaintiff's Opposition To Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, and Improper Venue, or in the Alternative for to Transfer to the Northern District of California.

she intends to proceed until this Court rules. (Ex. B.)  Yesterday, she granted Neuralstem's motion to extend time, rejecting StemCells' pleas to keep the California case moving.  (Ex. C.)

As the plaintiff, StemCells had the opportunity to select the forum for this dispute in 2006; it chose Maryland.  StemCells' motion, which effectively seeks to overturn **its own** previous forum selection, should be denied.

## II.     FACTUAL BACKGROUND

### A.     The Related Maryland Action

In October 2006, StemCells filed its Second Amended Complaint alleging that Neuralstem infringes U.S. Patent Nos. 6,294,346 ("'346 patent"); 6,497,872 B1 ("'872 patent"); 5,851,832 ("'832 patent"); and 7,101,709 ("'709 patent") (collectively, the "patents-in-suit").   (06-Dkt. No. 23.)[4] Neuralstem Answered the Second Amended Complaint and asserted, *inter alia*, affirmative defenses that (1) Neuralstem does not infringe any valid or enforceable claim of the patents-in-suit; (2) its activities are protected from infringement under 35 U.S.C. § 271(e)(1); and (3) each claim of the patents-in-suit is invalid. (06-Dkt. No. 32.)

In October 2006, Neuralstem filed a Motion to Dismiss, or in the Alternative, for Summary Judgment asserting that all of Neuralstem's allegedly infringing activities are exempt from infringement by the Hatch/Waxman "safe harbor" of 35 U.S.C. § 271(e)(1).  (*See* 06-Dkt. Nos. 27, 28.)  This Court granted a joint motion to stay substantive patent discovery pending resolution of Neuralstem's motion to dismiss.  (06-Dkt. No. 31.)

In February 2007, the United States Patent & Trademark Office ("PTO") ordered reexamination of the '346 and '709 patents based on a substantial new question of patentability.  Thereafter, the PTO

---

[4]     All citations identified as "06-Dkt.__" refer to the Related Maryland Action, Civil Action No. 06-1877 (D. Md) and all citations identified as "08-Dkt." refer to this action.

uncertainty and impede the administration of justice.  This untenable prospect favors resolving related patent cases in the same forum whenever possible.")

Finally, the court systems in California and Maryland would be tasked with duplicative efforts, and both parties would be forced to proceed with two costly litigations, one on each coast.  Not surprisingly, Defendants have failed to address that their "proposal" would not only waste judicial resources, it would create havoc in both cases and the patent system.

## IV.    CONCLUSION

For the foregoing reasons, Neuralstem respectfully requests that this Court deny Defendants' Motion to Dismiss or Alternative Motion to Transfer in its entirety.

Respectfully submitted,

BELL, BOYD & LLOYD LLP

*/s/   Sanjay K. Murthy*
Michael T. Murphy
D. Md. Bar # 11357
Mmurphy@bellboyd.com
BELL, BOYD & LLOYD LLP
1615 L Street, N.W., Suite 1200
Washington, DC 20036
(202) 466-6300 (tel)
(202) 463-0678 (fax)
Of Counsel:

Alan L. Barry (*pro hac vice*)
abarry@bellboyd.com
Michael J. Abernathy (*pro hac vice*)
mabernathy@bellboyd.com
Sanjay K. Murthy (*pro hac vice*)
smurthy@bellboyd.com
Brian J. Arnold (*pro hac vice*)
barnold@bellboyd.com
Christian G. Stahl (*pro hac vice*)
cstahl@bellboyd.com
BELL, BOYD & LLOYD LLP

# EXHIBIT
# 2

**From:** Murthy, Sanjay K. [mailto:smurthy@bellboyd.com]
**Sent:** Tuesday, August 05, 2008 7:24 AM
**To:** Gaede, William
**Cc:** StemCells-NeuralStem (1877) (0109015-00044)
**Subject:** RE: StemCells/Neuralstem

Dear Bill,

We will have to agree to disagree on whether Judge Wilken intends for the parties begin costly discovery matters in this case before Judge Williams resolves the motion to dismiss and/or transfer. In addition, as requested in my last letter to you, I would appreciate an explanation on how holding such a conference at this time would be useful to the parties or the court when: (1) briefing on StemCells' motion to dismiss in the Maryland Action will be completed in a few days; and (2) a ruling from Judge Williams will likely be issued before any response to the Amended Complaint in this action is due.

Judge Wilken's clerk cancelled the hearing scheduled for 2 p.m. on August 26th, which as you know, was the exact same time as the case management conference. If, as you claim, a conference is still appearing on the calendar, then we will be requesting clarification and/or moving Judge Wilken to vacate the conference or move the date consistent with her previous orders to prevent any unnecessary expenses and efforts by the parties and the Court until Judge Williams decides the appropriate forum for this dispute. In the interim, we can have a discussion about these issues today if you like. I am generally available after 4 p.m. (CST).

Best regards,

Sanjay

**Sanjay K. Murthy** | **Bell, Boyd & Lloyd LLP**
70 W. Madison St., Ste. 3100 | Chicago, IL 60602-4207
t. 312-807-4416 | f. 312-827-8138
smurthy@bellboyd.com | www.bellboyd.com

The information contained in this e-mail message may be privileged, confidential, and protected from disclosure. If you are not the intended recipient, any further disclosure or use, dissemination, distribution, or copying of this message or any attachment is strictly prohibited. If you think that you have received this e-mail message in error, please delete it and notify Sanjay K. Murthy (smurthy@bellboyd.com). If this message contains advice with respect to a Federal tax matter, in accordance with the Treasury Department's Circular 230 such advice is not intended or written to be used, and cannot be used, for the purpose of avoiding any Federal tax penalties.

# EXHIBIT
# 3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| | : | |
| NEURALSTEM, INC., | : | |
| | : | |
| Plaintiff, | : | |
| | : | Civil Action No. AW 08 CV 1173 |
| v. | : | |
| | : | |
| STEMCELLS, INC., | : | |
| | : | |
| Defendants. | : | |
| | : | |

**NOTICE OF CORRECTION TO PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION,
AND IMPROPER VENUE OR IN THE ALTERNATIVE
TO TRANSFER TO THE NORTHERN DISTRICT OF CALIFORNIA**

Plaintiff, Neuralstem, Inc. ("Neuralstem"), respectfully submits this Notice of Correction to its Opposition to StemCells, Inc. and StemCells California, Inc., and Neurospheres Holding Ltd.'s (collectively "Defendants" or "StemCells") Motion to Dismiss for Lack of Subject Matter Jurisdiction, Personal Jurisdiction, and Improper Venue, or in the Alternative for to Transfer to the Northern District of California. (Dkt. No. 26, hereinafter "Opposition").

In its Opposition, Neuralstem argued on pages 2 and 28 that Judge Wilken cancelled the Case Management Conference set for August 26, 2008. Neuralstem would like to correct the record since it recently learned that Judge Wilken's Order dated July 16, 2008 (Opposition, Exhibit B) was intended to cancel only the hearing on Neuralstem's Motion to Extend Time, and apparently not the Case Management Conference that had been set for the exact same date and time.

Nevertheless, in light of Judge Wilken's Order dated July 24, 2008 granting it a sixty-day extension of time to respond to the California Complaint (Opposition, Exhibit C), Neuralstem will be seeking relief from the Court in California from the Case Management Conference date and/or the requirements under the Federal Rules and Local Rules that are triggered by that conference until this Court decides which forum is appropriate for this dispute.

Respectfully submitted,

BELL, BOYD & LLOYD LLP

_____/S/_____

Michael T. Murphy
D. Md. Bar # 11357
Mmurphy@bellboyd.com
Michael J. Schrier
D. Md. Bar # 15967
Mschrier@bellboyd.com
BELL, BOYD & LLOYD LLP
1615 L Street, N.W., Suite 1200
Washington, DC 20036
(202) 466-6300 (tel)

(202) 463-0678 (fax)

Of Counsel:

Alan L. Barry (*pro hac vice*)
abarry@bellboyd.com
Michael J. Abernathy (*pro hac vice*)
mabernathy@bellboyd.com
Sanjay K. Murthy (*pro hac vice*)
smurthy@bellboyd.com
Brian J. Arnold (*pro hac vice*)
barnold@bellboyd.com
Christian G. Stahl (*pro hac vice*)
cstahl@bellboyd.com
BELL, BOYD & LLOYD LLP
70 West Madison, Suite 3100
Chicago, IL 60602
(312) 372-1121 (tel)
(312) 827-8000 (fax)

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on August 6, 2008.

<u>    /s/ Sanjay K. Murthy    </u>
Sanjay K. Murthy

# EXHIBIT
# 4

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEMCELLS, INC., *et al.*, | * | |
| | * | |
| Plaintiffs, | * | |
| | * | |
| vs. | * | Civil Action No.  AW-06-1877 |
| | * | |
| NEURALSTEM, INC., | * | |
| | * | |
| Defendant. | * | |

**************************************************************************

## <u>ORDER</u>

Currently pending before the Court is Defendant Neuralstem, Inc.'s Motion to Re-Open Case and Lift Stay (Doc. No. 71).  The Court held a telephonic conference to discuss the pending motion on August 13, 2008.[1]  *See* Local Rule 105.6 (D. Md. 2008).  For the reasons articulated during the telephonic conference and briefly stated below, the Court will DENY Defendant's motion.

Defendant Neuralstem begins its motion by stating, "[l]ifting the current stay will allow the court to dispose of this entire litigation."  *See* Docket Entry No. 71, at 2.  Defendant also states, however, that the reexamination proceedings are "nearly complete" and "almost done."  *Id.* at 2, 3.  The Court must first note that the terms "nearly" and "almost" do not indicate full completion.  In fact, both parties represented to the Court that reexaminations are still pending for two of the four patents.[2]

Plaintiff StemCells contends that the appropriate time to re-open this case will be when the

---

[1] The Court also discussed the pending Motion to Dismiss in *Neuralstem, Inc. v. StemCells, Inc. et al*, Civil Action No. AW-08-1173.

[2] The four patents involved here are U.S. Patent Nos. 6,497,872 ("'872 Patent"), 5,851,832 ("'832 Patent"), 6,294,346 ("'346 Patent"), and 7,101,709 ("'709 Patent").  Reexamination has been completed for the '872 and '832 Patents.  The reexamination process, however, is still pending for the '346 and '709 Patents.  During the telephonic conference with the parties, the parties informed the Court that the reexamination proceedings could potentially continue for another six months to a year with respect to these two patents.

1

Patent Office has issued all four reexamination certificates. Plaintiff further argues that until all four patents have finished the reexamination process, re-opening the case will only lead to fractured litigation. Lastly, StemCells maintains that it is the only party with the right to move to lift the consented-to stay. Without deciding the issue of whether either or both parties have a right to re-open,[3] the Court concludes that it is not appropriate, at this time, to lift the stay and re-open this action when the reexamination process is not fully complete.[4] Therefore, in the interest of preserving judicial economy and resources, and finding no undue prejudice if this case remains closed, the Court will deny Defendant's Motion to Lift the Stay and Re-Open the Case.

Accordingly, IT IS, this **15th day of August, 2008**, by the United States District Court for the District of Maryland hereby **ORDERED**:

1.  That Defendant Motion to Re-Open Case and Lift Stay (Doc. No. 71) BE, and the same hereby IS, **DENIED**;

2.  That the Clerk of the Court transmit a copy of the Order to all counsel of record.

_____/s/_____
Alexander Williams, Jr.
United States District Judge

---

[3] As the Court noted during the conference with the parties, and will reiterate here, the Court, on its own, could reopen this action if it, in fact, had determined that there was such a need.

[4] The Court welcomes the parties to move to re-open the case upon the completion of the reexamination process for the remaining two patents.