MCDERMOTT WILL & EMERY LLP
Terrence P. McMahon (71910)
tmcmahon@mwe.com
William G. Gaede III (136184)
wgaede@mwe.com
Andrew A. Kumamoto (178541)
akumamoto@mwe.com
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone:     (650) 813-5000
Facsimile:      (650) 813-5100

MCDERMOTT WILL & EMERY LLP
John R. Fuisz (*pro hac vice*)
jfuisz@mwe.com
Stephen Shahida (*pro hac vice*)
sshahida@mwe.com
600 13th Street, N.W.
Washington, DC 20005-3096
Telephone:     (202) 756-8000
Facsimile:      (202) 756-8087

Attorneys for *StemCells, Inc. and StemCells California, Inc.*

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| STEMCELLS, INC., a Delaware corporation, and STEMCELLS CALIFORNIA, INC., a California corporation,<br><br>Plaintiffs,<br><br>v<br><br>NEURALSTEM, INC., a Maryland corporation, KARL K. JOHE, an individual, and I. RICHARD GARR, an individual,<br><br>Defendants. | Case No.  C-08-02364 CW<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>Date:    August 26, 2008<br>Time:    2:00 PM<br>Courtroom 2, 4th Floor<br><br>**Hon. Claudia Wilken** |

The parties to the above-entitled action jointly submit this Case Management Statement. The parties met and conferred on a proposed schedule, but could not reach agreement. Each side has provided their proposed case schedule below.

## DESCRIPTION OF THE CASE

### I.   BRIEF DESCRIPTION OF THE EVENTS UNDERLYING THE ACTION

**A.   PLAINTIFFS' DESCRIPTION**

Plaintiffs StemCells, Inc. and StemCells California, Inc. (collectively "StemCells") bring this action against Defendants Neuralstem, Inc., ("Neuralstem"), Karl K. Johe and I. Richard Garr (collectively "Defendants") for patent infringement, trade libel and violation of California Business and Professions Code Section 17200, seeking preliminary and permanent injunction, damages, and other relief based on Defendants' alleged: (1) infringement, contributory infringement and/or inducement of infringement of U.S. Patent No. 7,361,505 (the "'505 patent"), and U.S. Patent No. 7,115,418 (the "'418 patent");[1] (2) trade libel for Neuralstem's intentional course of action to devalue and injure the intellectual property of StemCells; and (3) unfair competition under California Business and Professional Code Section 17200.

StemCells has alleged trade libel and unfair competition against Neuralstem for, *inter alia*, (1) public misrepresentations by Defendants that the USPTO had found invalid in a reexamination four other of StemCells' patents that arise out of the same prosecution family history as the '418 and '505 patents when in fact, the USPTO has to date not invalidated any of those four patents, and (2) public misrepresentations that StemCells committed fraud before the Patent Office when prosecuting the '505 patent.

**B.   DEFENDANTS' DESCRIPTION**

As the Court is aware from prior briefing, on May 7, 2008, Defendant Neuralstem, Inc. ("Neuralstem") filed a declaratory judgment action in Maryland (the "Maryland Action") alleging that the '505 patent is invalid, not infringed, and unenforceable.[2] On May 13, 2008,

---

[1] StemCells is the exclusive licensee of all rights and privileges under the '505 and '418 patents.
[2] Neuralstem does not believe that Mr. Garr, Neuralstem's CEO and Dr. Johe, its Chief Scientific Officer, are proper parties to this dispute.

MPK 145005-3.081361.0011                       - 1 -                    JOINT CASE MANAGEMENT
                                                                        CONFERENCE STATEMENT
                                                                        CASE NO. C-08-02364 CW

Neuralstem filed an Amended Complaint in the Maryland Action seeking declaratory judgment that the '418 patent is invalid and not infringed and that none of the statements it has made concerning the reexamination proceedings mentioned above or the unenforceability of the '505 patent in the declaratory judgment complaint it filed constitute "trade libel" or "unfair competition." On July 24, 2008, this Court granted Defendants' Motion to Extend Time to Answer the Amended Complaint and further authorized Defendants to file a substantive motion to dismiss, along with their responsive pleading. Because Defendants have not yet filed an Answer, they do not currently have any claims or defenses in the present action. However, in the event this case moves forward, Defendants will assert the same claims from the Maryland Action and will also file a motion to dismiss certain aspects of Plaintiffs' infringement, trade libel, and unfair competition claims.

**II.    THE PRINCIPAL FACTUAL ISSUES WHICH THE PARTIES DISPUTE**

a. Whether Defendants infringe the '505 and/or the '418 patents;

b. Whether any alleged infringement by Defendants was willful;

c. Whether any of the Defendants induced the infringement of the '505 and/or the '418 patents;

d. Whether Plaintiffs suffered and are entitled to damages and if so the amount thereof;

e. Whether recovery for any alleged infringement is barred by any of the defenses or counterclaims raised by Defendants;

f. Whether the '505 and '418 patents are valid and enforceable;

g. Whether Plaintiffs committed inequitable conduct during the prosecution of the '505 patent;

h. Whether Defendants committed trade libel;

i. Whether Defendants violated California Business and Professional Code Section 17200;

j. Whether Defendants are entitled to declaratory relief.

**III.  THE PRINCIPAL LEGAL ISSUES WHICH THE PARTIES DISPUTE**

a. Construction of the claim terms of the '505 and '418 patents;

b. Whether any of the Defendants infringe the claims of the '505 and '418 patents either literally, indirectly, or under the doctrine of equivalents;

c. Whether any of the Defendants induced the infringement of the '505 and/or '418 patents;

d. Whether the '505 and '418 patents are valid and enforceable;

e. Whether any alleged infringement by Defendants was willful, entitling Plaintiffs to treble damages;

f. Whether recovery for any alleged infringement is barred by any of the defenses or counterclaims raised by Defendants;

g. Whether Plaintiffs are entitled to injunctive relief;

h. Whether Defendants' conduct constitutes a violation of California's trade libel laws;

i. Whether Defendants' conduct constitutes a violation of California's Business and Professional Code Section 17200;

j. Whether certain allegations in the Amended Complaint are subject to dismissal;

k. Whether Mr. Garr and Dr. Johe are properly named as defendants in this action;

l. Whether Defendants' activities are covered by the "safe harbor" provision in 35 U.S.C. § 271(e)(1);

m. Whether either side is entitled to attorneys' fees and costs.

**IV.  THE OTHER FACTUAL ISSUES WHICH REMAIN UNRESOLVED FOR THE REASON STATED BELOW AND HOW THE PARTIES PROPOSE TO RESOLVE THOSE ISSUES**

Defendants assert that the Maryland District Court is the proper forum for this dispute while Plaintiffs assert that this Court is the proper forum. This Court denied Defendants' Motion to Dismiss and denied, without prejudice, Defendants' Motion to Transfer or Stay on July 1, 2008 and deferred to the Maryland District Court to determine whether the first to file rule should apply. Plaintiffs have moved the Maryland District Court to dismiss or transfer Defendants'

declaratory action filed in Maryland to this Court, in accordance with this Court's Order of July 1, 2008. *See* Docket No. 40. The matter is fully briefed before the Maryland Court and a ruling on Plaintiff's motion to dismiss is expected this week.

Previously, in 2006 StemCells had filed suit in Maryland under four other patents. That case was administratively closed pending reexamination proceedings. On August 15, 2008, the Maryland District Court denied Neuralstem's motion to re-open the case to permit reexamination proceedings to conclude.

## V.   THE PARTIES WHICH HAVE NOT BEEN SERVED AND THE REASONS

All necessary parties to this dispute have been served.

Plaintiffs claim they are the exclusive licensees to the two patents-in-suit. Defendants believe that Neurospheres Holding, Ltd. ("Neurospheres"), the patent owner, may be a necessary party to this action, pending the outcome of further discovery on the relationship between Neurospheres and StemCells.

StemCells notes that Neurospheres is already a party in the declaratory judgment action Neuralstem filed in Maryland. Assuming StemCells' motion to transfer the open Maryland Action is granted, Neurospheres will be a party in that related transferred and declaratory judgment action. Thus, the issue of whether Neurospheres will be before this Court will likely be resolved within the next week and will not require four months, which would unnecessarily delay this case.

## VI.   THE ADDITIONAL PARTIES WHICH THE BELOW-SPECIFIED PARTIES INTEND TO JOIN AND THE INTENDED TIME FRAME FOR SUCH JOINDER

Plaintiff StemCells does not intend to join any new parties. As discussed above, Defendants believe that Neurospheres as the patent owner should be added as a party. A decision on whether Neurospheres should be added as a party could be made within four months.

StemCells notes that assuming the open Maryland Action is transferred, Neurospheres will be before this Court and thus there is no need to wait four months before deciding whether Neurospheres should be added as a party to this suit. Moreover, having named Neurospheres in

Maryland, there is no legitimate need for Defendants to wait four months to name Neurospheres in this Action.

**VII.   THE FOLLOWING PARTIES CONSENT TO ASSIGNMENT OF THIS CASE TO A UNITED STATES MAGISTRATE JUDGE FOR JURY TRIAL**

Neither of the parties consents to such an assignment.

## ALTERNATIVE DISPUTE RESOLUTION

**VIII.   THE PARTIES AGREED TO THE FOLLOWING ADR PROCESS**

The parties have agreed to schedule an early private mediation to take place in November 2008. The parties agree that document discovery and limited interrogatories should occur prior to the mediation.

StemCells intends to take two depositions before that mediation and has offered to Defendants that the parties formally agree to limit the depositions to two per side prior to the mediation. Defendants do not agree that any depositions should occur prior to the mediation.

StemCells further notes that under Defendants' proposed schedule, they would not provide their invalidity contentions under the Patent Local Rules until mid-November. Such contentions are needed well in advance of the mediation, including briefing, and thus Defendants' proposed date is inconsistent with conducting a complete mediation in November. Moreover, if most of the allegedly invalidating prior art is already known to StemCells, then there is no burden to Defendants to provide the rest of the art at the end of October, as StemCells proposes.

Defendants believe that any mediation could occur in late November giving StemCells ample time to review their invalidity contentions. Defendants further note that at least some of the invalidating prior art is from the reexamination proceedings for the related, and nearly identical, patents and is thus very well known to StemCells already. For instance, a detailed explanation of the teachings of those prior art references was provided in Neuralstem's reexamination requests, in the Orders granting those reexamination requests, and in the subsequent rejections from Examiners at the USPTO.

**IX. THE ADR PERSONS TO WHICH THE PARTIES JOINTLY REQUEST REFERRALS**

The parties have agreed upon scheduling their ADR with Magistrate Judge Infante of JAMS.

## DISCLOSURES

**X. THE PARTIES CERTIFY THAT THEY HAVE MADE THE FOLLOWING DISCLOSURES**

The parties held their mandatory meet and confer pursuant to Rule 26(f) on August 5, 2008, and will exchange formal Rule 26 disclosures by August 19, 2008.

## DISCOVERY

**XI. DISCOVERY PLAN:**

    **A.  THE PARTIES AGREE TO THE FOLLOWING DEADLINES**

The parties met and conferred on a schedule, but could not reach agreement. Plaintiffs' and Defendants' proposed schedules are set forth below:

| EVENT | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| L/D File Initial Disclosures | August 19, 2008 | August 19, 2008 |
| CMC Before Judge Wilken | August 26, 2008 | September 16, 2008 |
| Plaintiffs' Preliminary Infringement Contentions and Document Production [P.L.R 3-1 and 3-2] | September 10, 2008 | September 30, 2008 |
| Defendant's Preliminary Invalidity Contentions and Document Production [P.L.R. 3-3 and 3-4] | October 27, 2008 | November 14, 2008 |
| Exchange Proposed Terms for Construction [P.L.R. 4-1] | November 10, 2008 | November 24, 2008 |
| Exchange of Preliminary Claim Construction and Identification of Extrinsic Evidence [P.L.R. 4-2] | December 1, 2008 | December 15, 2008 |
| L/D File Joint Claim Construction Statement [P.L.R. 4-3] | January 5, 2009 | January 19, 2008 |

MCDERMOTT WILL & EMERY LLP
ATTORNEYS AT LAW
PALO ALTO

| EVENT | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|
| L/D To Amend Pleadings | Subject to Court Order | Subject to Court Order |
| Close of Fact Discovery and Summary Disclosure of Experts and Issues on Which Expert Report will be Proffered | February 27, 2009 | May 27, 2009 |
| Expert Reports on Issue Party Bears Burden of Proof and any Affirmative Expert Report on Claim Construction | March 13, 2009 | July 27, 2009 |
| Rebuttal Expert Reports | April 3, 2009 | August 27, 2009 |
| Close of Expert Discovery | May 1, 2009 | October 1, 2009 |
| L/D File Dispositive Motions and Claim Construction Briefs | May 14, 2009 | November 1, 2009 |
| Opposition Briefs to Dispositive Motions and Claim Construction | May 28, 2009 | November 20, 2009 |
| Reply Briefs to Dispositive Motions and Claim Construction | June 4, 2009 | December 4, 2009 |
| *Markman*/Dispositive Motions Hearing | June 18, 2009 (or other date convenient for the Court) | Subject to the Court's Calendar, but approximately in the First Quarter of 2010. |
| Pretrial Hearing | September 22, 2009 (or other earliest date convenient for the Court) | Subject to the Court's Calendar, but approximately in the late First Quarter /early Second Quarter of 2010. |
| Trial | October 5, 2009 (or other earliest trial date convenient for the Court) | Subject to the Court's Calendar, but approximately in the late First Quarter /early Second Quarter of 2010. |

StemCells notes that the disclosures under the Local Patent Rules are keyed off the disclosure of the Preliminary Infringement Contentions. StemCells dates are keyed off of the date it will serve the Preliminary Infringement Contentions. As StemCells has already represented to this Court (*see* Docket No. 47.), it will be serving such contentions on September 10, 2008, so that the disclosure process of Infringement Contentions and Invalidity Contentions may occur far

MPK 145005-3.081361.0011     - 7 -     **JOINT CASE MANAGEMENT CONFERENCE STATEMENT CASE NO. C-08-02364 CW**

enough in advance of the November mediation. Defendants note that they may bring a Rule 12(b)(6) motion and that somehow could remove infringement allegations from the case. Whatever the merit of that position, that has no impact on Defendants obligations under the Patent Local Rules by late October to provide invalidity contentions. (Defendants have further filed declaratory relief claims of noninfringement and invalidity in the open Maryland Action and thus claims on infringement will be going forward in this Action.)

Defendants do not believe they should be rushed into disclosures under the Local Patent Rules when this Court has authorized them to file a substantive motion to dismiss which could eliminate some of the infringement issues from this case. Under Defendants' proposed schedule, their invalidity contentions will be served only two weeks later than under StemCells' proposal, which is more than enough time for StemCells to review them in advance of any mediation occurring at the end of November. Moreover, as discussed above, at least some of the invalidating prior art is already well known to StemCells.

**B. THE PARTIES AGREE AS FOLLOW TO THE DISCOVERY LIMITS**

The parties agree to the following limitations on case discovery:

- Interrogatories: 25 per side
- Number of Depositions: 70 hours per side (this does not include expert depositions with no deposition to exceed 7 hours except as permitted in accordance with the Federal Rules)
- RFPs: 100 per side
- RFAs: Plaintiffs propose that each side be limited to 50 per side (plus any RFA necessary to authenticate a document in lieu of any stipulation to authenticity.) Defendants propose unlimited RFAs.

The parties further agreed that discovery would not proceed in phases except as to expert discovery, which would follow the close of fact discovery.

### C. ELECTRONIC DISCOVERY

The parties discussed proposals relating to the exchange of electronic documents. The parties agree to produce electronic and other documents on CDs in group 4, single-page TIFF images and that they include an IPRO LFP load file.

StemCells further requested to Defendants that electronic discovery be produced with OCR and include metadata where available. Apparently, Defendants now reject that proposal, although StemCells remains open to pursuing with Defendants proposals that ease the burden of electronic documents.

Defendants do not believe that producing electronic discovery with OCR is necessary as it is an unnecessary cost that each side should choose to bear if they want to be able to search documents via OCR. Likewise, Defendants believe metadata should not be produced with the TIFF images but should be made available subject to the parties conducting a good faith meet and confer and upon a showing of substantial need. Defendants believe that metadata will not be required for a large majority, if any, documents and producing it will be unnecessarily costly and burdensome. Notably, in the first Maryland Action, the parties agreed, as is the customary practice, to not produce documents with OCR or metadata as the cost outweighed the advantages.

## TRIAL SCHEDULE

**XII. THE PARTIES REQUEST A TRIAL DATE AS FOLLOWS:**

Plaintiffs request that the final pretrial conference be held on or about September 22, 2009, with the trial on jury issues commencing on or about October 5, 2009 (or another date in September, if available, or at the earliest possible trial date the Court's calendar permits).

Defendants request that the final pretrial conference be held in the late First Quarter/early Second Quarter of 2010, subject to the Court's calendar and rulings on dispositive motions and claim construction briefing.

Depending on the outcome of any summary judgment motions, stipulations on fact issues and admissibility of documents and deposition testimony and any trial procedures used by the Court (*e.g.*, submissions of direct testimony in writing, limiting time for presentation), the parties

1  anticipate that the trial in this action will last between 8-12 trial days and have agreed to a
2  maximum of 12 trial days.
3  DATED this 19 day of August 2008.

MCDERMOTT WILL & EMERY LLP

By:  */s/ William G. Gaede, III*
William G. Gaede, III

*Attorneys for StemCells, Inc. and StemCells California, Inc.*

BELL BOYD & LLOYD, LLP

By:  */s/ Sanjay K. Murthy*
Sanjay K. Murthy

*Attorneys for Defendants*

1   Pursuant to General Order No. 45, Section X(B) regarding signatures, I attest under
2   penalty of perjury that concurrence in the filing of this document has been obtained from
3   Sanjay K. Murthy.
4   Dated: August 19, 2008.                     MCDERMOTT WILL & EMERY LLP

6                                               By:    */s/ William G. Gaede, III*
7                                                      William G. Gaede, III

8   *Attorneys for Plaintiffs*
    StemCells, Inc. and StemCells California, Inc.

MPK 145005-3.081361.0011                 - 11 -                **JOINT CASE MANAGEMENT CONFERENCE STATEMENT CASE NO. C-08-02364 CW**

-oOo-

## CASE MANAGEMENT ORDER

The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.  In addition the Court orders:

*[The Court may wish to make additional orders, such as:*

*a.  Referral of the parties to court or private ADR process;*

*b.  Schedule a further Case Management Conference;*

*c.  Schedule the time and content of supplemental disclosures;*

*d.  Specially set motions;*

*e.  Impose limitations on disclosure or discovery;*

*f.  Set time for disclosure of identity, background and opinions of experts;*

*g. Set deadlines for completing fact and expert discovery;*

*h.  Set time for parties to meet and confer regarding pretrial submissions;*

*I.  Set deadline for hearing motions directed to the merits of the case;*

*j.  Set deadline for submission of pretrial material;*

*k.  Set date and time for pretrial conference;*

*l.  Set a date and time for trial.]*

Dated: _____

**HONORABLE CLAUDIA WILKEN**
**United States District Court Judge**

MPK 145005-3.081361.0011

**CASE MANAGEMENT ORDER**
**CASE NO. C-08-2364 CW**